Filed 7/21/26  Garcia v. SouthNorte Spirits CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| JAVIER GARCIA,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>SOUTHNORTE SPIRITS LLC,<br><br>        Defendants and Respondent. | B345897<br>(Los Angeles County<br>Super. Ct.<br>No. 23STCV13143) |

        APPEAL from an order of the Superior Court of Los Angeles County, Maureen Duffy-Lewis, Judge. Reversed and remanded.

        WGLA and Benjamin Gubernick for Plaintiff and Appellant.

        Amin Wasserman Gurnani and Cole Kroshus for Defendant and Respondent.

Plaintiff and appellant Javier Garcia (appellant) appeals from an order denying his motion for attorney's fees against defendant and respondent SouthNorte Spirits LLC (respondent), pursuant to the Consumer Legal Remedies Act (CLRA) (Civ. Code, § 1750 et seq.). Appellant contends the order lacked the findings and determinations under the correct legal framework required to decide prevailing party status under section 1780, subdivision (e). We agree and reverse.

## BACKGROUND

**The incident**

In April 2022, appellant purchased a four-pack box of "Paloma Crafted Cocktail" at a liquor store in Whittier, California. The packaging and cans were labeled "tequila" and contained pictures of a tequila bottle. After tasting the product, appellant was of the opinion it contained no tequila. Appellant posted a complaint on respondent's Instagram page. Respondent allegedly deleted appellant's post, contacted appellant, admitted there was a bottling issue with the beverages, and offered a t-shirt as compensation. Appellant declined the offer.

**The lawsuit**

In June 2023, appellant filed a lawsuit against respondent. The complaint asserted four causes of action for violation of the unfair competition law (Bus. & Prof. Code, § 17200 et seq.), violation of the CLRA, violation of the false advertising law (Bus. & Prof. Code, § 17500 et seq.), and fraud and deceit. The complaint alleged appellant was misled and deceived by the product's packaging. Respondent allegedly made improper representations as to the product's ingredients, characteristics,

standard, and quality. Appellant alleged respondent failed to take timely corrective action.

In November 2023, the parties reached a settlement after appellant accepted respondent's offer to compromise pursuant to Code of Civil Procedure section 998 (section 998 offer). Under the settlement, respondent agreed to pay appellant $2,500 in exchange for a dismissal of his claims. The settlement indicated that "[f]ees and costs, if any, will be determined by the court as allowed by law."

**The motion for attorney's fees**

In June 2024, appellant moved for attorney's fees pursuant to Civil Code section 1780. Appellant contended he is the prevailing party under section 1780, subdivision (e), because respondent agreed in the settlement to pay appellant $2,500, a recovery amounting to a multiplier of 250 times his actual damages. Appellant argued, to determine the prevailing party under the CLRA, courts must adopt a pragmatic approach based on which party succeeded on a practical level. Appellant also asserted his requested amount in attorney's fees and costs is reasonable.

In opposition, respondent posited appellant is not entitled to his attorney's fees under the CLRA because that statute, like the Unruh Civil Rights Act (Civ. Code, § 51 et seq.) and the Disabled Persons Act (DPA) (Civ. Code, § 54 et seq.), requires a finding of liability for a fees award. Respondent argued the section 998 offer does not contain any admission of liability or statement that appellant suffered damages due to respondent's CLRA violation. Moreover, respondent asserted, even if there is a basis for a fees award, appellant's requested amount is unreasonable.

3

In reply, appellant maintained the CLRA does not require a finding of liability for a fees award like the Unruh Civil Rights Act or the DPA. Appellant argued the CLRA does not define the term "prevailing party," but there is instructive caselaw addressing the matter. Appellant asserted he should be deemed the prevailing party on his CLRA claim because he achieved his litigation objective by obtaining a net monetary recovery. In addition, appellant addressed respondent's arguments regarding the reasonableness of his requested fees.

The trial court heard the motion in November 2024. The court denied the motion, finding appellant's acceptance of the section 998 offer does not necessarily mean he is the prevailing party. The court indicated the settlement contains no admission of liability or acknowledgment appellant was truly damaged. The order stated appellant provided no analysis of why he should be considered the prevailing party.

**The renewed motion for attorney's fees**

In March 2025, appellant filed a renewed motion for attorney's fees. Appellant contended the CLRA mandates a fees award when two requirements are satisfied: (1) an action is brought pursuant to the CLRA, and (2) the plaintiff is the prevailing party. Appellant asserted he satisfied the first condition because he filed an action alleging he suffered damages due to respondent's CLRA violations and complied with the statute's notice requirements. As to the second requirement, appellant posited he is the prevailing party because his only litigation objective was to be monetarily compensated and he achieved this goal under the settlement by recovering $2,500, which amounts to a multiplier of 250 times the product's purchase price. Appellant maintained he would have received no

4

more than a few hundred dollars had he accepted respondent's initial settlement offer. Appellant further argued his requested amount in attorney's fees and costs is reasonable.

In opposition, respondent contended appellant must establish liability under the CLRA to obtain attorney's fees, which appellant cannot do because the settlement does not show he suffered any damages due to a CLRA violation. Respondent maintained the section 998 offer could have been drafted to include admissions of liability or damages, but such terms were never included. Respondent asserted the renewed motion was simply retreading arguments from appellant's first motion. Respondent further argued the requested amount in attorney's fees is unreasonable.

In reply, appellant stressed that *Kim v. Euromotors West/The Auto Gallery* (2007) 149 Cal.App.4th 170, 176 (*Kim*), a CLRA case involving a settlement with no admissions of liability, is binding authority on this matter. Moreover, appellant addressed respondent's citation of *Meyer v. Sprint Spectrum L.P.* (2009) 45 Cal.4th 634, 644 (*Meyer*), arguing the case does not suggest a claimant must establish damages resulting from a CLRA violation to obtain a fees award. Appellant also addressed respondent's arguments as to the reasonableness of his requested amount in fees.

The trial court heard the renewed motion in April 2025. The court denied the motion, reiterating appellant's acceptance of the section 998 offer does not automatically show he is the prevailing party. The court found the renewed motion had insufficient caselaw and analysis to find appellant prevailed under the law.

Appellant timely appealed.

5

**CONTENTIONS ON APPEAL**

Appellant asserts two main arguments. First, appellant contends he satisfied the first condition for a fees award by filing an action alleging a CLRA violation and complying with the statute's notice requirements under section 1782. Second, appellant argues the trial court failed to make the findings and determinations under the correct legal framework required for deciding if he is the prevailing party under the CLRA.

**DISCUSSION**

**I.  Standard of review and applicable law**

"Generally, the trial court's determination of the prevailing party for purposes of awarding attorney fees is an exercise of discretion, which should not be disturbed on appeal absent a clear showing of abuse of discretion." (*Kim, supra*, 149 Cal.App.4th at p. 176.) "But the determination of the legal basis for an attorney fee award is subject to independent review." (*Ibid*.) "The determination of whether there exists a 'legal basis for an award of attorney fees is a question of law which we review de novo' where the facts are undisputed." (*Khajavi v. Feather River Anesthesia Medical Group* (2000) 84 Cal.App.4th 32, 59.) "In such a case, the issue involves the application of the law to undisputed facts." (*Kim, supra*, at p. 176.)

**II.  The trial court did not make mandatory findings and determinations under the correct legal framework in**

**deciding if appellant is entitled to attorney's fees under section 1780**

A.  *Appellant satisfied the requirements for bringing an action under the CLRA*

As an initial matter, appellant maintains he met the first condition for a fees award by satisfying the statutory requirements for bringing a CLRA claim. Civil Code section 1780, subdivision (e), states in relevant part: "The court shall award court costs and attorney's fees to a prevailing plaintiff in *litigation filed pursuant to this section.*" (Italics added.) Thus, the statute's plain language shows the first condition for a claimant to obtain a fees award is to file an action pursuant to the CLRA. (See *Meyer, supra*, 45 Cal.4th at p. 644 ["The attorney fee provision is to be found in section 1780, subdivision (e), which states that the court 'shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed *pursuant to this section.*'"].)

We conclude appellant satisfied the requirements for filing an action under the CLRA. Appellant asserted a cause of action for violation of the CLRA, alleging respondent violated the statute by making improper representations as to the product's ingredients, characteristics, standard, and quality. Appellant allegedly suffered damages because he would not have purchased the product at the price he paid had he known it did not contain the ingredients listed on the packaging. These allegations show appellant had standing to sue under the CLRA since he had allegedly been damaged by an unlawful practice by respondent. (See *Meyer, supra*, 45 Cal.4th at p. 638.)

In addition, appellant satisfied the statute's notice requirements under Civil Code section 1782. (See *Benson v.*

7

*Southern California Auto Sales, Inc.* (2015) 239 Cal.App.4th 1198, 1212 (*Benson*) ["Attorney fees are not recoverable in actions for damages under the CLRA unless the response to the notice letter is not an appropriate one or no response is forthcoming within the statutory time period."].) Under Civil Code section 1782, subdivision (a), the plaintiff must notify the defendant of the particular CLRA violation and demand correction at least 30 days prior to filing an action. "[N]o action for damages may be maintained under Section 1780 if an appropriate correction, repair, replacement, or other remedy is given, or agreed to be given within a reasonable time, to the consumer within 30 days after receipt of the notice." (Civ. Code., § 1782, subd. (b).) Appellant presented evidence that his counsel sent a letter regarding appellant's CLRA claim to respondent. While the parties discussed issues regarding the claim, respondent did not provide a timely correction offer. Respondent does not dispute appellant satisfied this notice requirement for bringing a CLRA lawsuit.

Respondent contends, however, appellant could not have brought an action pursuant to the CLRA because the plain language of Civil Code section 1780, subdivision (a), requires the claimant to have suffered damages. Section 1780, subdivision (a), states in relevant part: "Any consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action against that person …." Respondent argues it is insufficient for a plaintiff to allege he or she suffered damages to bring an action pursuant to the CLRA because the statute would have expressly stated consumers who *allege* they suffered damages may bring a lawsuit.

"'It is settled that "'[w]e are required to give effect to statutes "according to the usual, ordinary import of the language employed in framing them.'"'"'" (*City of Sanger v. Superior Court* (1992) 8 Cal.App.4th 444, 448.) But "[c]ourts decline to follow the plain meaning of a statute only when to do so would inevitably frustrate the manifest purposes of the legislation as a whole or lead to absurd results." (*Ibid.*) Respondent's interpretation here lacks merit. The plain language of Civil Code section 1780, subdivision (a), clearly refers to the standing requirement for a lawsuit under the CLRA. "'"Standing" is a party's right to make a legal claim and is a threshold issue to be resolved before reaching the merits of an action.'" (*Dent v. Wolf* (2017) 15 Cal.App.5th 230, 233–234.) A plaintiff's allegations of damages suffered as a result of a CLRA violation help to show the plaintiff has standing to sue under the statute. (See *Meyer, supra*, 45 Cal.4th at p. 638 ["We conclude that a plaintiff has no standing to sue under the CLRA without some allegation that he or she has been damaged by an alleged unlawful practice, an allegation plaintiffs do not sufficiently make here."].) Respondent's suggestion that appellant had to somehow make an early showing of merits to bring a CLRA claim lacks any support and is antithetical to the basic concept of standing. Respondent provides no other example of a statute containing the type of language respondent insists the CLRA should have to support appellant's interpretation.

Further, respondent claims the decision in *Benson, supra*, 239 Cal.App.4th 1198 supports its interpretation of the statute. We find no language in *Benson* supporting respondent's argument. *Benson* involves the CLRA's notice requirement, with the Court of Appeal concluding "that if a suit for damages cannot be maintained under the CLRA because a merchant offered an

9

appropriate correction in response to a consumer's notice, then a plaintiff cannot collect attorney fees for such a suit." (*Benson, supra*, at p. 1212.) Respondent seizes on particular language in *Benson* stating, "If the plaintiff sues without fulfilling [the notice] requirement, the lawsuits are fatally defective from the beginning." (*Ibid.*) Respondent maintains the same principle can be applied here to conclude a lawsuit under the CLRA is "fatally defective from the beginning" when a settlement contains no admission of liability. But nothing in *Benson* suggests applying such language to another disparate matter is appropriate. *Benson* only involves the Civil Code section 1782 notice requirement, not allegations needed for standing to bring an action pursuant to the CLRA. (See *Benson, supra*, at pp. 1203, 1206–1207, 1212.) The language from *Benson* that respondent asserts is taken out of context and entirely inapposite for a determination of the issues here.

**B.** ***A settlement lacking admission of liability does not preclude appellant from being the prevailing party***

The other requirement for obtaining attorney's fees and costs under the CLRA is the claimant must be the prevailing party. (See *Kim, supra*, 149 Cal.App.4th at pp. 176, 178–179.) Appellant argues the trial court failed to make mandatory findings and determinations under the correct legal framework in deciding if he is the prevailing party under Civil Code section 1780, subdivision (e). Appellant maintains he presented evidence that he is the prevailing party, which the court did not properly consider. We agree.

"[A]n award of attorney fees to 'a prevailing plaintiff' in an action brought pursuant to the CLRA is mandatory, even where

10

the litigation is resolved by a pretrial settlement agreement, absent an enforceable agreement to the contrary." (*Kim, supra,* 149 Cal.App.4th at pp. 178–179.)

"The CLRA does not define 'prevailing plaintiff.'" (*Kim, supra*, 149 Cal.App.4th at p. 179.) However, in *Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 150 (*Graciano*), the Court of Appeal held, "in deciding prevailing party status under [the CLRA], the court should adopt a pragmatic approach, determining prevailing party status based on which party succeeded on a practical level. [Citations.] Under that approach, the court exercises its discretion to determine 'the prevailing party by analyzing which party realized its litigation objectives.'" "'In assessing litigation success, … "[c]ourts should respect substance rather than form, and to this extent should be guided by 'equitable considerations.' For example, a party who is denied direct relief on a claim may nonetheless be found to be a prevailing party if it is clear that the party has otherwise achieved its main litigation objective."'" (*Id*. at p. 151.) Factors favoring a finding the plaintiff prevailed may include the plaintiff obtaining a net monetary recovery or otherwise "'get[ting] most or all of what he wanted by filing the action.'" (*Kim, supra*, at p. 180; see *id*. at pp. 179–180, 181 ["[W]hile [the defendant] obtained a dismissal in the settlement agreement, [the plaintiff] obtained many of his litigation objectives including return of the car, cancellation of the lease and a monetary recovery."].)

Here, the findings and determinations under the correct legal framework were not made in deciding whether appellant is entitled to his attorney's fees and costs under Civil Code section 1780. The November 12, 2024 order denying the motion for attorney's fees contains no discussion regarding which party

11

achieved its litigation objectives. The order states the settlement "does not contain any admission of liability nor any admission that plaintiff was truly damaged." The trial court concluded appellant is not necessarily the prevailing party as a result of accepting the section 998 offer. Likewise, the April 7, 2025 order denying the renewed motion contains no discussion as to the parties' litigation success and only indicated appellant's acceptance of the section 998 offer does not automatically show he is the prevailing party. Such an approach in determining the prevailing party status for a fees award under the CLRA is prohibited under *Kim* and *Graciano*.

As discussed above, courts must assess the parties' litigation success, not the form of a settlement. (See *Kim, supra*, 149 Cal.App.4th at p. 181; *Graciano*, *supra*, 144 Cal.App.4th at p. 150.) This can be seen in *Kim*, where the lack of an admission of liability in the settlement did not preclude a finding the plaintiff was the prevailing party. (See *Kim, supra*, 149 Cal.App.4th at pp. 174, 181.) "Because [the plaintiff's] right to attorney fees arises not from contract, but under section 1780[, now subdivision (e)], [the plaintiff] is not precluded from obtaining an award of attorney fees even though the litigation was resolved by a settlement agreement." (*Id*. at p. 181.) Hence, absent express language in the section 998 offer excluding a fees award (see *Engle v. Copenbarger & Copenbarger, LLP* (2007) 157 Cal.App.4th 165, 168 ["[The plaintiff] argues she is entitled to fees because they were not expressly excluded in the offer to compromise. She is right."]), a determination of prevailing party status cannot be based merely on the terms or form of the settlement agreement. The section 998 offer here does not

12

exclude attorney's fees and costs as it states, "Fees and costs, if any, will be determined by the court as allowed by law."

In addition, the November 12, 2024 order indicates appellant provided no "analysis as to why he should be considered prevailing." The April 7, 2025 order denying the renewed motion similarly states, "Insufficient analysis/argument provided to this Court to find plaintiff 'prevailing' under the law." However, in the initial motion, appellant argued he is the prevailing party because his recovery of $2,500 under the settlement amounts to a multiplier of 250 times his actual damages. Appellant asserted respondent was originally only willing to offer a T-shirt, a refund, or another box of the product before appellant filed suit. At the hearing, appellant contended he should be considered the prevailing party because he filed his case seeking monetary recovery and achieved this objective by recovering substantially more than respondent's final offer before the lawsuit was filed.

Moreover, in the renewed motion, appellant reiterated he was the prevailing party because his only litigation objective was to be monetarily compensated, and he achieved this by recovering $2,500 through the settlement. Appellant posited he would have received no more than a few hundred dollars had he accepted respondent's initial settlement offer. At the hearing, appellant asserted respondent cannot identify any litigation objective appellant did not achieve. Appellant reiterated he only sought monetary compensation and ultimately achieved a recovery amounting to a multiplier of 250 times the product's purchase price.

The foregoing facts are all relevant to deciding which party prevailed because they relate to appellant's litigation success.

The orders denying the attorney's fees motions fail to show any of these facts were considered in determining whether appellant achieved his litigation objective. Respondent argues it made a $5,000 offer plus a full refund to appellant, which he rejected. Respondent posits appellant subsequently accumulated more legal fees to litigate the matter before ultimately accepting an amount that is only half of respondent's prior offer. Such opposing facts, however, relate to respondent's litigation success and should have also been considered in a proper analysis predicated on the parties' litigation objectives and achievements. Since nothing shows the facts pertinent to the parties' litigation success were ever considered, we cannot conclude the findings and determinations required in deciding the prevailing party under Civil Code section 1780, subdivision (e), were made. Accordingly, this matter must be remanded for the trial court to make such findings and determinations under the correct legal framework discussed herein.

Finally, respondent contends appellant is not entitled to a fees award because the CLRA requires a finding of the defendant's liability, like the Unruh Civil Rights Act and the DPA. To support this argument, respondent cites *Doran v. North State Grocery, Inc.* (2006) 137 Cal.App.4th 484 (*Doran*) and *Linton v. County of Contra Costa* (2019) 31 Cal.App.5th 628 (*Linton*).

Respondent's reliance on *Doran* and *Linton* is misplaced. These cases only involve the Unruh Civil Rights Act or the DPA and do not even mention the CLRA. (See *Linton, supra*, 31 Cal.App.5th at pp. 632–638; *Doran, supra*, 137 Cal.App.4th at pp. 488–492.) Nothing in these cases establishes that it is proper to analogize the Unruh Civil Rights Act and the DPA to the

14

CLRA. (*Ibid*.) Indeed, the language in the Unruh Civil Rights Act and the DPA is materially different from the CLRA's text. As to the Unruh Civil Rights Act, Civil Code section 52, subdivision (a), states in relevant part: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages … and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6." Similar to the Unruh Civil Rights Act, the DPA states in relevant part: "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages … and attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1, and 54.2." (Civ. Code, § 54.3, subd. (a).) Thus, unlike the CLRA, the attorney's fees discussed in the Unruh Civil Rights Act and the DPA are strictly a function of the defendant's liability.

We note *Kim* and *Graciano* both involve the CLRA and are directly on point with the issues in this matter. There is no support for applying legal authorities, such as *Doran* and *Linton*, that concern entirely different statutes than those at issue here. "A decision is not authority merely for what it says, but for the points actually involved and actually decided." (*Huscher v. Wells Fargo Bank* (2004) 121 Cal.App.4th 956, 962.) Hence, *Doran* and *Linton*, which only decided issues as to the Unruh Civil Rights

15

Act and the DPA, are inapposite to the matters here regarding the CLRA.

## DISPOSITION

The April 7, 2025 order denying the motion for attorney's fees is reversed. On remand, the trial court shall determine if appellant is the prevailing party within the meaning of Civil Code section 1780, subdivision (e), under the correct legal framework as discussed herein. If appellant is determined to be the prevailing party, the court shall decide the amount in attorney's fees and costs appellant should recover.

Appellant is awarded his costs on appeal.

CHAVEZ, Acting P. J.

We concur:

RICHARDSON, J.

GOORVITCH, J.

16